In re CLEMENT, State Excise Com'r.

(Supreme Court, Appellate Division, Second Department. October 7, 1910.)

INTOXICATING LIQUORS (§ 108*)—REVOCATION OF LIQUOR TAX CERTIFICATE—LACHES.

Under Liquor Tax Law (Consol. Laws, c. 34) § 27, subd. 2, providing that if, on the trial of the issue, the evidence establishes any of the facts hereinbefore set forth as sufficient to revoke and cancel a certificate, an order shall be granted canceling the same, laches in instituting a proceeding to revoke a license is no defense; that defendant is unable to find the servants alleged to have made the illegal sales being immaterial.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 108.*]

Hirschberg, P. J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Petition by Maynard N. Clement, as State Commissioner of Excise, for the revocation of liquor tax certificate No. 7,270, issued to Thomas F. Gallagher. From an order denying the petition, petitioner appeals. Reversed.

For prior report, see 122 N. Y. Supp. 743.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and CARR, JJ.

Herbert H. Kellogg, for appellant.
Robert M. Johnston, for respondent.

WOODWARD, J.　The petition alleges violations of the liquor tax law (Consol. Laws, c. 34), in that the defendant is alleged to have permitted the illegal sale of liquors on certain Sundays mentioned in the petition, and it is conceded that the evidence fully establishes the fact of such violations; the defendant merely asserting that he had never authorized such sales, and that he cannot now find the servants who are alleged to have made the illegal sales. The petition is brought under the provisions of subdivision 2 of section 27 of the liquor tax law, which section provides that if, upon the trial of the issue, "the said evidence establishes any of the facts hereinbefore set forth as sufficient to revoke and cancel a certificate, an order shall be granted by said justice, judge or court, revoking and canceling such certificate." Notwithstanding this positive provision of the statute, the learned justice who heard the testimony has denied the application of the petitioner, not upon the ground that the evidence failed to establish the necessary facts, but upon the ground of laches.

It appears that the witnesses, agents of the excise department, secured the evidence upon which the proceeding was based some five or six months before the proceeding was instituted, and the learned justice holds that this, unexplained, constitutes laches defeating the petition. There is nothing in the statute which limits the time within which a proceeding shall be instituted. The defendant took his certificate knowing the provisions of law, knowing that he held it only upon the condition that neither he nor any of his agents, servants, bartenders, or any person whosoever in charge of said premises, should violate any of the provisions of the statute (subdivision 2, § 27); and just why the equitable doctrine of laches should be invoked to relieve him of the conditions under which he held this valuable privilege from the state does not appear to us. If the defendant put persons in charge of his place who violated the law, he violated the conditions on which the grant was made and continued. He employed each servant, knowing this risk, and if he is unable, six months after the transaction, to know where his former employés are, it is his misfortune; but it affords no reason why the law should be abrogated in so far as it relates to himself. It is not even claimed here that these servants, if they were present, could show any different state of facts than that testified to by the agents of the excise department; and the fact, if it be true, that the defendant never authorized the illegal sale of liquor, is of no importance. He takes his license upon the condition

that he will see to it that none of his servants disobey the law. If he neglects this duty, and permits violations of the law, he forfeits his right to the certificate, and no lapse of time, short of a statute of limitations fixed by the legislative power, can relieve him from the forfeiture. The act of the defendant in permitting the sale of liquors upon his premises on Sunday is illegal, and no lapse of time can make that lawful which was originally unlawful. Broom's Legal Maxims, 143; Noy, Max. (9th Ed.) p. 16.

The order appealed from should be reversed, with $10 costs and disbursements, and the application to revoke and cancel the liquor tax certificate should be granted. All concur, except HIRSCHBERG, P. J., who dissents.